UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL ROSARIO,

        Plaintiff,

v.                                Case No. 8:14-cv-391-T-36AEP

AAA SECURITY PROTECTION, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Rafael Rosario ("Rosario") initiated this action against Defendant AAA Security Protection, Inc. ("AAA Security") alleging violations of the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Act (Doc. 1).  After AAA Security failed to timely appear, Rosario moved for entry of a clerk's default (Doc. 5).  The Clerk subsequently entered a default against AAA Security (Doc. 6).  Following entry of the clerk's default, Rosario sought entry of a default judgment (Doc. 7), which the Court denied without prejudice (Doc. 8).  Rosario renewed his request for entry of a default judgment pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure (Doc. 10).  The Court granted that request and entered a default judgment against AAA Security (Docs. 15, 17).  Rosario now moves for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) (Docs. 16, 19).  For the reasons that follow, it is recommended that Rosario's motion be granted in part and denied in part to the extent that Rosario be awarded $3,870.00 in attorney's fees and $625.00 in costs.

## I.    Background

        Rosario brought this action, on behalf of himself and others similarly situated, against

AAA Security, his former employer, for unpaid overtime wages and unpaid minimum wages (Doc. 1).  According to Rosario, AAA Security failed to pay Rosario and members of a putative class at a rate of not less than one and one-half times the regular rate at which they were employed for workweeks in which they worked more than forty hours.  Rosario further alleged that AAA Security failed to pay Rosario and members of a putative class the minimum wage required under both the Florida Statutes and Florida Constitution.

After Rosario initiated this action, AAA Security failed to file a responsive pleading or otherwise appear.  Following the failure of AAA Security to file a responsive pleading, Rosario moved for entry of a clerk's default pursuant to Rule 55(a) (Doc. 5).  The next day, the Clerk entered the default against AAA Security (Doc. 6).  Following entry of the default, Rosario sought entry of a default judgment (Doc. 7).  Upon consideration of Rosario's motion for default judgment, the Court determined that "[a]lthough the complaint states a substantive, sufficient basis for the particular relief sought, [Rosario] has not presented any evidence of appropriate damages, nor does he argue that the required evidence is of record" (Doc. 8, at 2).  As a result, the Court denied the motion without prejudice and allowed Rosario thirty days to file a renewed motion with supplemental evidentiary submissions.

Rosario renewed his request for entry of a default judgment against AAA Security (Doc. 10).  After consideration, the Court granted Rosario's motion and entered a default judgment in favor of Rosario and against AAA Security in the amount of $3,237.00 (Docs. 15, 17).  Rosario now moves for an award of attorney's fees and costs in the amount of $4,515.00 in attorneys' fees and $662.52 in costs (Doc. 16).  Per the Court's request (Doc. 18), Rosario provided evidentiary

support in the form of an affidavit from counsel with time and expense records attached (Doc. 19).

## II.    Attorney's Fees

Initially, Plaintiff seeks attorney's fees in the amount of $4,515.00.  Under the FLSA, a court shall allow a reasonable attorney's fee and costs of the action to be paid by the defendant to the prevailing plaintiff.  29 U.S.C. § 216(b).  To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists.  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).  The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates.  *Norman*, 836 F.2d at 1299.  At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the amount of

3

hours reasonably expended on the litigation.  In submitting a fee petition, counsel must exercise

proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise

unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301.  Accordingly, counsel may

not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S.

at 434.  Where the time or fees claimed appear expanded or lack documentation or testimonial

support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836

F.2d at 1303 (citation omitted).

In this instance, Plaintiff seeks reimbursement for 12.9 hours of attorney time at a rate of

$350.00 per hour, for a total of $4,515.00 in attorney's fees (Doc. 17).  As to the hourly rate, the

requested rate sought by Plaintiff should be reduced.[1]  Most notably, the hourly rate exceeds the

rates typically awarded in FLSA cases in the Middle District of Florida.  *See Martinez v.*

---

[1] When calculating the reasonably hourly rate and the number of compensable hours
that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in
*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d at
1299 (noting that the *Johnson* factors may still "be considered in terms of their influence on
the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)
(*per curiam*) ("In determining what is a 'reasonable' hourly rate and what number of
compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in
*Johnson . . . .*"); *see Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*)
(stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we
have expressed our approval of district courts considering the *Johnson* factors in establishing
a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson*
factors "usually are subsumed within the initial calculation of hours reasonably expended at a
reasonable hourly rate").  These factors include: (1) the time and labor required; (2) the
novelty and difficulty of the issues; (3) the skill required to perform the legal services
properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is
fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the
amount involved and the results obtained; (9) the experience, reputation and ability of the
attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional
relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

4

*Hernando County Sheriff's Office*, No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *2 (M.D. Fla. Nov. 13, 2013) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with thirty-eight years of experience in employment litigation), *aff'd on appeal at* 579 Fed. App'x 710, 713-14 (11th Cir. 2014); *see Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CIV-2014-T-17MAP, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (finding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with extensive experience litigating FLSA cases); *see Andrike v. Maple Way Cmty., Inc.*, No. 8:11-cv-1939-T-24AEP, 2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (determining, in a case involving claims under the FLSA, that $325 was a reasonable hourly rate for an attorney with twelve years of experience); *see Lewis v. Fla. Default Law Group, P.L.*, No. 8:10-cv-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with twenty years of experience).  In addition, the requested hourly rate should be reduced given the fact that the time and labor required were minimal since AAA Security never appeared in this action, the issues in the case were neither novel nor complex, counsel was not precluded from other employment as a result of the representation of Rosario, a default judgment was entered as a result of AAA Security's failure to appear, the amount awarded was minimal, and the case required limited motion practice and only one hearing, which lasted for three minutes.  As such, the hourly rate should be reduced to $300 per hour.

With respect to the hours expended, the time records reflect that Plaintiff's counsel spent 12.9 hours in prosecuting this action (Doc. 19).  Upon review of the time records, none of the

charges appear excessive, redundant, or otherwise unnecessary.  Accordingly, the 12.9 hours expended by Plaintiff's counsel are reasonable.  In sum, therefore, Plaintiff should be awarded attorney's fees for 12.9 hours expended at an hourly rate of $300, for a total of $3,870.00.

### III.    Costs

As the prevailing party, Rosario is additionally entitled to an award of costs under 29 U.S.C. § 216(b).  *See also* Fed. R. Civ. P. 54(d).  In FLSA cases, courts may award the costs permitted under 28 U.S.C. § 1920.  *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (determining that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920.").  Here, Plaintiff seeks costs in the amount of $662.52, which includes costs for the filing fee, service of process fees, and fees for copies and postage (Doc. 19).  The filing fee and service of process fees requested by Plaintiff in this action constitute taxable costs pursuant to 28 U.S.C. § 1920 and therefore should be awarded to Plaintiff. 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs); *see U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921); *see Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) (finding that "[f]ees of the clerk and marshal include filing fees and are clearly taxable").  The Eleventh Circuit has determined that "general copying and postage" are "clearly nonrecoverable" under 28 U.S.C. § 1920, however. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  Accordingly, the award of costs should be reduced by $37.52 to

account for the nonrecoverable copying and postage fees.[2]  It is therefore recommended that Plaintiff be awarded costs in the amount of $625.00.

### IV.    Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1.  Rosario's Motion for Attorney's Fees and Costs (Doc. 16) be GRANTED IN PART AND DENIED IN PART.

2.  Rosario be awarded $3,870.00 in attorney's fees and $625.00 in costs.

IT IS SO REPORTED in Tampa, Florida, this 13th day of January, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[2]  Neither the Affidavit of Dennis A. Creed, III, or the attached records illustrate what the copies were for and whether they fall within the parameters of 28 U.S.C. § 1920.

7

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*


cc:     Hon. Charlene E. Honeywell
        Counsel of Record